José R. Quiñones, Petitioner and Appellant, v. Municipal Assembly of Arroyo, Respondent and Appellee.

No. 6665. Argued November 20, 1935.—Decided January 17, 1936.

*Rafael Lacot* for appellant. *Pedro E. Anglade* for appellee.

Mr. Justice Hutchison delivered the opinion of the court.

José R. Quiñones, a justice of the peace, applied to the district court for a writ of certiorari to review and annul the legislative act of a municipal assembly whereby petitioner's salary had been reduced. After issuance of the writ and the return thereto, the district court, on motion of the municipal assembly, dismissed the proceeding because the petition had been filed some five months after the promulgation of the ordinance in question.

 Section 83 of the Municipal Law (Session Laws 1928, p. 334) reads as follows:

"That on motion of the aggrieved party, the district court shall have jurisdiction—

"(a) To annul or review by writ of certiorari any legislative or administrative act of the municipal assembly, board of administration, mayor or other municipal official, which infringes the constitutional rights of the complainants or which is contrary to the Organic Act or to the laws of Porto Rico;

"(b) To stay by injunction the execution of any ordinance, act, resolution or order which infringes rights guaranteed by the Constitution or by insular laws;

"(c) To compel by writ of mandamus the performance of ministerial duties by municipal officials;

"(d) To grant, under ordinary action, compensation for damages to parties injured by acts or omissions of municipal officials through malice or inexcusable negligence or ignorance.

"In the first two cases, the aggrieved party may file his suit only within the term of thirty days from and after the date on which the executive or administrative act shall have been performed or the ordinance, action, resolution or order shall have been promulgated or communicated to the complainant; *Provided,* That when the ordinance or resolution should be published in accordance with this Act, the said term of thirty days shall begin from the date of publication of said ordinance or resolution."

Appellant's theory is that the statutory period of thirty days prescribed by the final paragraph of this section does not apply to legislative acts of the municipal assembly. We cannot concur in this view.

Another contention is that the district court erred in awarding costs to defendant. In the absence of any satisfactory reason for appellant's construction of section 83, *supra,* we find no abuse of discretion in the award as made.

The order appealed from must be affirmed.